5 P.3d 1240 (2000)
141 Wash.2d 342
In re the Personal Restraint Petition of: Jerrod D. STOUDMIRE, Petitioner.
No. 67711-5.
Supreme Court of Washington, En Banc.
Argued March 20, 2000.
Decided August 10, 2000.
*1242 Jerrod Stoudmire, Monroe, Nielsen, Broman & Assoc., Eric Nielsen, Eric Broman, David Koch, Seattle, for Petitioner.
John Ladenburg, Pierce County Prosecutor, Barbara Corey-Boulet, Deputy, Tacoma, for Respondent.
*1241 GUY, C.J.
In a second personal restraint petition (PRP) filed more than one year after judgment, petitioner Jerrod Stoudmire seeks relief on several grounds, including that the trial court had no authority to convict petitioner where the statute of limitation had expired and that the trial court exceeded its statutory authority in imposing certain sentences. Before this court can consider the merits of Stoudmire's claims, we must decide whether to dismiss his petition on procedural grounds. The State asserts Stoudmire has submitted a mixed petition in violation of RCW 10.73.100 and that because the petition is also untimely, it is barred from consideration by RCW 10.73.090. The State also alleges that petitioner's raising of new issues in a successive petition that could have been raised in the earlier one constitutes an abuse of the writ.
We consider some claims and dismiss others. We adopt the view that the one-year time limit in RCW 10.73.090 does not apply to a petition or motion based on the grounds enumerated in RCW 10.73.100 as long as the petition or motion is based solely on those grounds and not additional ones. If a petition is based on grounds not listed in RCW 10.73.100, the petition is subject to the one-year time bar of RCW 10.73.090 unless it qualifies under the exceptions to the time bar in .090 itself. We retain the abuse of the writ doctrine, but decline to apply it to petitioner. Even though petitioner has filed a mixed PRP more than one year after his judgment became final, we consider his statute of limitation claim because the judgment on the indecent liberties charges was invalid on its face. Similarly, we consider his excessive sentence claim because the sentences imposed on petitioner for second degree rape of a child and third degree rape of a child were invalid on their face. Stoudmire's claims based on the grounds of ineffective assistance of counsel, no factual basis, incorrectly calculated offender score, and failure to advise him of the mandatory two-year community placement term are dismissed. The claim based on the failure to advise him of the proper mandatory term is also dismissed, but may be resubmitted in a petition solely based on that ground or others listed in RCW 10.73.100 or 10.73.090, and this court may consider it because it appears to fall within RCW 10.73.100(6). Because of our resolution of other claims, the issue of whether incorrect seriousness levels were used to calculate petitioner's sentences has become moot, and we need not reach it.
After examining the merits of Stoudmire's petition, we take the following actions. Because petitioner's two convictions for indecent liberties were achieved on charges prosecuted after the statute of limitation had expired, we vacate the convictions and dismiss the charges. Petitioner is also entitled to resentencing on his convictions for second degree rape of a child and for third degree rape of a child because the sentences imposed were in excess of the court's authority. State v. Stoudmire, No. 92-1-02985-7 (Pierce County Super. Ct. Sept. 20, 1993). We remand petitioner's case for resentencing on those convictions.

FACTS
On September 20, 1993 petitioner Jerrod Stoudmire pleaded guilty in two cases. In *1243 one cause, he pleaded guilty to one count of rape of a child in the second degree. State v. Stoudmire, No. 92-1-02984-9 (Pierce County Super. Ct. Sept. 20, 1993); Pet'r's Opening Br., App. A. In the other, cause number XX-X-XXXXX-X, he pleaded guilty to two counts of indecent liberties, one count of statutory rape in the second degree, one count of rape of a child in the second degree, and one count of rape of a child in the third degree. Id. at App. B. Stoudmire received sentences of 198 months for each second degree rape of a child conviction, 116 months for the statutory rape and two indecent liberties convictions, and 102 months for the third degree child rape. Id. at Apps. C and D. All sentences were to run concurrently. Id.
Petitioner did not appeal his sentences, but did file a PRP in Division Two of the Court of Appeals; Stoudmire was represented by counsel. Pet'r's Opening Br. at 1-2. The Court of Appeals dismissed his petition on April 11, 1995. Id. at App. E. On January 20, 1999 petitioner filed pro se a second PRP in the Court of Appeals raising new issues. Id. at 2; Personal Restraint Petition. The new grounds for relief were that: (1) the statute of limitations on the two indecent liberties charges had run when he was charged; (2) the sentences he received for second degree child rape and for third degree rape of a child had exceeded statutory maximums; (3) he be allowed to withdraw his pleas based on the court's failure to advise him that he was subject to a mandatory two-year community placement term for his offenses; (4) the court had applied the incorrect seriousness levels to his indecent liberties and second degree child rape offenses; (5) his offender score was incorrectly calculated; (6) trial counsel rendered ineffective assistance; and (7) there is no factual basis for the finding of guilt on the charge of rape of a child in the third degree. Pet'r's Opening Br. at 3-4; Pro Se Supplemental Br. at 1. Division Two dismissed the PRP on February 1, 1999, saying that Stoudmire failed to show good cause why the new grounds were not raised in his prior petition. Pet'r's Opening Br., App. F. Petitioner filed a Motion for Discretionary Review with this court on March 29, 1999. In an order dated September 1, 1999 this court granted petitioner's motion.

ISSUES
(1) Should this court apply the time limit specified in RCW 10.73.090 to this petition because it is a "mixed petition," one not based solely on grounds enumerated in RCW 10.73.100?
(2) Does petitioner's second personal restraint petition constitute an abuse of the writ?
(3) Is the petitioner entitled to relief from his two convictions for indecent liberties because the statute of limitation had expired?
(4) Is petitioner entitled to resentencing for one count of second degree child rape and third degree child rape because his sentences exceed what the statute authorizes?

DISCUSSION
The State asks this court to dismiss this petition because it does not meet the requirements of RCW 10.73.100. State's Resp. to Pet'r's Second Personal Restraint Pet. (State's Second Resp.) at 4. The first sentence of that section reads: "The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds." (Emphasis added.) The State interprets RCW 10.73.100 as allowing a court to consider a petition otherwise time-barred by RCW 10.73.090 only if the petition is based solely upon the grounds listed. Id. If a petition is based on any grounds other than one of the six listed in RCW 10.73.100, it is subject to the one-year limit in RCW 10.73.090. Thus, if a petition were filed more than one year after the judgment being attacked and if the petition were based on five grounds listed and one which was not (and hence be a "mixed petition"), the State would have this court dismiss the entire petition. Petitioner reads "solely" as meaning the six enumerated ground are the exclusive, "sole" exceptions to the one-year statute of limitations in RCW 10.73.090. Pet'r's Reply Br. at 3. But "solely" is an adverb modifying "based," not an adjective modifying "grounds," a word from which it is quite *1244 distant. Therefore, this court adopts the State's view that "solely" in RCW 10.73.100 requires that a petition or motion which would make use of this section cannot be based on any grounds other than one or more of the six grounds in RCW 10.73.100. Acceptance of the State's view, however, does not mean that mixed petitions are always entirely dismissed. Rather, RCW 10.73.100 indicates that a mixed petition is subject to the time limits of RCW 10.73.090. Some of Stoudmire's claims may still be considered if they fit under exceptions to the time bar contained in RCW 10.73.090 itself. Otherwise, because petitioner filed his current petition more than five years after the judgment he is attacking, his petition would be untimely.
Petitioner does not assert that he has submitted an unmixed petition. In his pro se supplemental brief, petitioner adds three claims to those discussed by his counsel in petitioner's opening brief. The State contends that at least two claims in the supplemental briefthose for the ineffective assistance of counsel and for incorrect calculation of his offender scoredo not fall within the exceptions in RCW 10.73.100. State's Second Resp. at 4-5. Although petitioner's claim based on the incorrect calculation of his offender score arguably may fit within the exceptions in RCW 10.73.090, his ineffective assistance claim and his claim that there was no factual basis for the third degree rape of a child charge fall neither within RCW 10.75.090 nor within RCW 10.73.100. Therefore, Stoudmire has submitted a mixed petition.
When the unmixed petition requirement of RCW 10.73.100 is applied to Stoudmire's petition, some claims do not survive. Two of the three grounds raised by petitioner in his pro se supplemental brief ineffective assistance of counsel and no factual basis for a finding of guiltcannot be considered because Stoudmire's PRP is untimely and because the two grounds do not meet the RCW 10.73.090 exceptions to the time bar. We do not separately consider petitioner's claim on the third ground, that the trial court incorrectly calculated his offender score, because although that claim might fit within a RCW 10.73.090 exception, petitioner neither presents an argument that it does nor focuses his claim sufficiently for an argument to be imputed to him. Claims brought on these three grounds are dismissed.
Of the four claims brought by Stoudmire's counsel, one does not survive: that petitioner be allowed to withdraw his guilty pleas on the charge of second degree child rape in cause number XX-X-XXXXX-X and third degree child rape because petitioner was not properly informed of the mandatory two-year community placement period. Pet'r's Opening Br. at 19-21. Raising that claim would be barred if it were not for RCW 10.73.100(6), which allows an exception where there has been a significant change in the law. Since petitioner cannot take advantage of RCW 10.73.100, claims that depend on .100 are barred from consideration by this court because petitioner submitted a mixed petition. However, petitioner may resubmit this claim in a subsequent petition. RAP 16.4(d) bars consideration of a second petition "for similar relief" without a showing of good cause. Following the definition of "similar relief" in Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), this court in In re Personal Restraint of Haverty, 101 Wash.2d 498, 502-503, 681 P.2d 835 (1984) stated that a successive petition could be dismissed only where the prior application had been denied on grounds previously heard and determined on the merits. Since we are dismissing on procedural grounds petitioner's claim to withdrawal of his guilty pleas to second and third degree rape, we did not consider it on its merits. This claim would not fall within the scope of "similar relief," and RAP 16.4(d) would not bar this court from considering a subsequent petition raising this ground.
Three of the four claims brought by petitioner's counsel may be considered by this court if they fit under the exceptions to the one-year time bar contained within RCW 10.73.090 itself, not RCW 10.73.100. RCW 10.73.090(1) states: "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on *1245 its face and was rendered by a court of competent jurisdiction." Petitioner bases his claim that the trial court had no jurisdiction to convict and sentence him for indecent liberties on the "valid on its face" and "competent jurisdiction" requirements of RCW 10.73.090(1). Pet'r's Opening Br. at 6, 8. Petitioner's claims that the sentences he received for indecent liberties, second degree child rape (cause number XX-X-XXXXX-X), and third degree child rape exceed statutorily authorized penalties and that the trial court applied the wrong seriousness levels implicate the "valid on its face" requirement. Id. at 24. If petitioner can show that his claims meet the conditions set forth in RCW 10.73.090(1), they are not time-barred, and this court may consider them.
The State argues another procedural issue: that the abuse of the writ doctrine bars the personal restraint petition before this court and that this court must dismiss it. State's Second Resp. at 5-7. The doctrine was enunciated in In re Personal Restraint of Jeffries: "if the petitioner was represented by counsel throughout postconviction proceedings, it is an abuse of the writ for him or her to raise, in a successive petition, a new issue that was `available but not relied upon in a prior petition.'" 114 Wash.2d 485, 492, 789 P.2d 731 (1990) (quoting Kuhlmann v. Wilson, 477 U.S. 436, 444 n. 6, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986)). RCW 10.73.140 also limits the raising of new issues in subsequent PRPs, but RCW 10.73.140 does not apply to this court. In re Personal Restraint of Johnson, 131 Wash.2d 558, 566, 933 P.2d 1019 (1997). RAP 16.4(d) restricts PRPs by subjecting them to, among other things, the time limits of RCW 10.73.090 and .100. The only direct bar to the raising of new issues in successive PRPs in this court is the abuse of the writ doctrine.
Petitioner concedes that he was represented by counsel in his first PRP (petitioner did not file an appeal). Pet'r's Reply Br. at 10. None of the claims raised in the current PRP were raised in petitioner's first PRP. Id. Petitioner urges this court to abandon the doctrine. Pet'r's Reply Br. at 6-9. We decline to do so. Nevertheless, we do not apply the doctrine to the petitioner because he does not literally come within its scope. Abuse of the writ only occurs "if the petitioner was represented by counsel throughout postconviction proceedings." In re Personal Restraint of Jeffries, 114 Wash.2d at 492, 789 P.2d 731 (emphasis added). Petitioner filed his second PRP pro se and was not represented by counsel.[1] The purpose of the doctrine also does not fit this petitioner. "If ... counsel was fully aware of the facts supporting the `new' claim when the prior petition was filed, and there are no pertinent intervening developments, raising the `new' claim for the first time in a successive petition constitutes needless piecemeal litigation and, therefore, an abuse of the writ." Id. The court in Jeffries seems concerned with the raising of new issues in successive PRPs as a delaying tactic; Jeffries was under a death sentence. Here it appears that counsel was not aware of the facts supporting the new claims and that these claims were first raised by petitioner himself in his pro se PRP. Second, this is not a death penalty case.
Having determined the initial procedural issues raised by the State, this court now considers whether petitioner is entitled to relief from his two convictions for indecent liberties because the statute of limitations had run. As an initial matter, this court must determine whether this claim is subject to the time bar in RCW 10.73.090 since Stoudmire's second PRP was not filed within the one-year time period. That time bar presupposes two conditions: "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). Petitioner claims the sentence was not valid on its face and the court was not one of competent jurisdiction. Pet'r's Opening Br. at 8.
*1246 A court does not lack subject matter jurisdiction solely because it may lack authority to enter a given order. Marley v. Department of Labor & Indus., 125 Wash.2d 533, 539, 886 P.2d 189 (1994). A court has subject matter jurisdiction where the court has the authority to adjudicate the type of controversy in the action, and it does not lose subject matter jurisdiction merely by interpreting the law erroneously. State v. Moen, 129 Wash.2d 535, 545, 919 P.2d 69 (1996).
Although this court has not discussed what "validity on its face" means in terms of the time limit in RCW 10.73.090, it has spoken in State v. Ammons, 105 Wash.2d 175, 187, 713 P.2d 719, 718 P.2d 796 (1986), to what it means for a prior conviction to be constitutionally invalid on its face in a sentencing proceeding. "Constitutionally invalid on its face means a conviction which without further elaboration evidences infirmities of a constitutional magnitude." Id. at 188, 713 P.2d 719 (emphasis added). The phrase "on its face" has been interpreted to mean those documents signed as part of a plea agreement. State v. Phillips, 94 Wash.App. 313, 317, 972 P.2d 932 (1999) (citing Ammons, 105 Wash.2d at 187-89, 713 P.2d 719). Division Three of the Court of Appeals addressed the issue of validity in RCW 10.73.090 when it held that the time limit of that statute did not apply where the federal sentence to which a state sentence referred was invalidated. State v. Klump, 80 Wash.App. 391, 397, 909 P.2d 317 (1996). When the federal sentence was reversed, there was no previously imposed sentence on which the state sentence could operate, and the state sentence therefore became invalid on its face. Id. at 396-97, 909 P.2d 317.
Stoudmire's judgment and sentence for cause number XX-X-XXXXX-X lists two counts of indecent liberties in violation of RCW 9A.44.100(1)(c) and the dates of the crimes as between June 12, 1983 and June 11, 1986 and between August 1, 1985 and December 31, 1987. Pet'r's Opening Br., App. D at 1. The information charging Stoudmire with the indecent liberties counts was filed on July 20, 1992, more than four-and-one-half years after the offenses were committed. Pet'r's Opening Br., App. H at 1. The cause numbers of the charges both indicate they were brought in 1992. Both the former and current RCW 9A.04.080 indicate the statute of limitation for the felonies in question is three years. The documents of the plea agreement show on their face that the judgment and sentence were invalid, and thus, the one-year time bar of RCW 10.73.090 does not apply to this claim and this court may consider it. We need not reach the issue of whether the trial court had jurisdiction.
We now consider the merits of petitioner's claim that he is entitled to relief from his two convictions for indecent liberties because he was charged beyond the time allowed by the statute of limitation. The State may offer evidence that although on its face the statute of limitation would bar prosecution, the statute did not in fact expire because petitioner was out of the state for a sufficient length of time. RCW 9A.04.080(3). Here, however, the State concedes that the prosecution on these charges exceeded the statute of limitation. State's Resp. at 5-6. Nevertheless, the State argues that Stoudmire is not entitled to relief because his guilty plea waives any challenge to the charging dates in counts I and II. State's Second Resp. at 8. The State cites Garrison v. Rhay, 75 Wash.2d 98, 101, 449 P.2d 92 (1968): "A plea of guilty, voluntarily made, waives the right to trial and all defenses other than that the complaint, information, or indictment charges no offense." However, that rule was distinguished in a later case: "`[A] plea bargaining agreement cannot exceed the statutory authority given to the courts.'" In re Personal Restraint of Moore, 116 Wash.2d 30, 38, 803 P.2d 300 (1991) (quoting In re Personal Restraint of Gardner, 94 Wash.2d 504, 507, 617 P.2d 1001 (1980)). Because the statute of limitations bars prosecution of charges commenced after the period prescribed in the statute, the sentencing court exceeded its authority. Petitioner must also meet the requirements of In re Personal Restraint of Fleming, 129 Wash.2d 529, 532, 919 P.2d 66 (1996) (quoting In re Personal Restraint of Cook, 114 Wash.2d 802, 812, 792 P.2d 506 (1990)): "In order to obtain relief by way of personal restraint petition ... a person must establish (1) he or she is being unlawfully restrained, (2) due to a `fundamental *1247 defect which inherently results in a complete miscarriage of justice.'" On these charges the court exceeded its authority, and we find petitioner's restraint on these charges to result in a complete miscarriage of justice. Petitioner is entitled to relief on these two charges.
Petitioner claims that the sentences he received for his convictions for second degree rape of a child in cause number XX-X-XXXXX-X and third degree child rape exceed what the statute authorizes. Although petitioner has submitted a mixed petition, this claim may be considered as not time-barred by RCW 10.73.090 if the sentence was not valid on its face or was not rendered by a court of competent jurisdiction.
Second degree rape of a child was a class B felony during the charged period of 1988-89. Laws of 1988, ch. 145, § 3. It was not changed to a class A felony until 1990. Laws of 1990, ch. 3, § 903. The maximum sentence for a class B felony is 120 months. RCW 9A.20.021(1)(b). The sentencing court treated Stoudmire's XX-X-XXXXX-X offense as a class A felony and sentenced him to the maximum 198 months. Pet'r's Opening Br., App. D at §§ 2.3, 4.2(a). Third degree rape of a child has always been a class C felony, which has a maximum of 60 months' confinement. RCW 9A.44.079(2). Nevertheless, the trial court sentenced petitioner to 102 months for this offense. Pet'r's Opening Br., App. D at § 4.2(a). By sentencing petitioner to terms beyond the maximum periods allowed by statute, the trial court exceeded its authority, and the sentences are not valid on their face. This court may therefore consider the merits of this claim for relief even though Stoudmire's petition was untimely. "`When a sentence has been imposed for which there is no authority in law, the trial court has the power and duty to correct the erroneous sentence, when the error is discovered.'" In re Personal Restraint of Carle, 93 Wash.2d 31, 33, 604 P.2d 1293 (1980) (quoting McNutt v. Delmore, 47 Wash.2d 563, 565, 288 P.2d 848 (1955)). "Confinement beyond that authorized by statute is exactly the kind of fundamental defect which the rule we announced in Cook was aimed at remedying." In re Personal Restraint of Moore, 116 Wash.2d at 33, 803 P.2d 300. Petitioner is entitled to relief from these erroneous sentences.
Petitioner also contends that he is entitled to relief from the sentences for indecent liberties and for second degree child rape (in cause number XX-X-XXXXX-X) because the court applied the wrong seriousness levels. In view of our decision above to vacate petitioner's indecent liberties convictions, we need not reach this issue for these counts. We also need not reach this issue with respect to the sentence for second degree child rape because the issue is moot. We are remanding that conviction for resentencing consistent with a class B, not a class A felony, and such a resentencing would bring the length of the sentence within the range available to petitioner as relief for the assignment of an incorrect seriousness level.

CONCLUSION
We vacate petitioner's two convictions for indecent liberties and dismiss the charges on those counts. We remand this case to the trial court for resentencing, in accordance with the opinion, of petitioner on his convictions for second degree rape of a child in cause number XX-X-XXXXX-X and for third degree rape of a child.
SMITH, JOHNSON, MADSEN, ALEXANDER, TALMADGE, SANDERS, IRELAND, and BRIDGE, JJ., concur.
NOTES
[1] After petitioner filed his PRP and his motion for discretionary review pro se, this court granted his motion and ordered the appointment of counsel pursuant to RCW 10.73.150(7).