FILED
COURT OF APPEALS
DIVISION II

2015 MAR 31 AM 8:38

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of | No. 46403-9-II |
| AARON DAVID ADAMS, | |
| Petitioner. | UNPUBLISHED OPINION |

BJORGEN, A.C.J. — Aaron D. Adams seeks relief from personal restraint imposed following his 2009 convictions of first and second degree child molestation. He claims that his restraint is unlawful because several of the terms and conditions of his community custody are unlawful. Specifically, he challenges conditions prohibiting him from consuming alcohol or drugs, using the internet, purchasing, consuming, or possessing alcohol, requiring plethysmograph testing when ordered to do so, not possessing or perusing pornography, and avoiding bars, taverns, casinos, and cocktail lounges.[1] We strike the pornography condition and remand for resentencing on that condition alone.

---

[1] Petitioner has withdrawn his challenge to the condition restricting his contact with his daughter.

RCW 10.73.090(1) limits collateral attacks to one year following finality. Petitioner's judgment and sentence became final on March 19, 2009. RCW 10.73.090(3). He filed the present petition in the superior court as a CrR 7.8 motion on April 23, 2014, well over a year following finality. Thus, his claims are subject to this time bar unless he can rely on an exception in RCW 10.73.100 or show that his judgment and sentence is invalid on its face or was rendered by a court without jurisdiction. RCW 10.73.090. Petitioner claims that his judgment and sentence is invalid on its face.[2]

A judgment and sentence is invalid on its face if it evinces the invalidity without further elaboration. *See In Re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866, 50 P.3d 618 (2002). The phrase "on its face" includes the documents signed as part of a plea agreement. *Goodwin*, 146 Wn.2d at 866 n.2 (citing *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 354, 5 P.3d 1240 (2000); *In re Pers. Restraint of Thompson*, 141 Wn.2d 712, 719, 10 P.3d 380 (2000)). If petitioner must rely on external documents to show facial invalidity, then the judgment and sentence is not facially invalid. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 140, 267 P.3d 324 (2011) (courts consider charging documents, verdicts, and plea statements but not jury instructions, trial motions, or other documents related to the fairness of the trial).

This exemption, however, only allows challenges to the facially invalid defect in the judgment and sentence; it does not bring up otherwise untimely claims. *In re Pers. Restraint of Adams*, 178 Wn.2d 417, 424-25, 309 P.3d 451 (2013). Only petitioner's challenge to the condition

---

[2] Petitioner suggests that RCW 10.73.100(5) applies, but it does not because the superior court clearly had subject matter jurisdiction. *In re Pers. Restraint of Vehlewald*, 92 Wn. App. 197, 201-02, 963 P.2d 903 (1998) (that the sentencing court interpreted the law incorrectly does not mean that it lacked subject matter jurisdiction).

that he not possess or peruse pornographic material is facially invalid because it delegates the definition of pornography to his therapist and/or community corrections officer. *See State v. Bahl*, 164 Wn.2d 739, 758, 193 P.3d 678 (2008) (delegating the definition "pornographic" to the community corrections officers makes the condition unconstitutionally vague). None of the other conditions he complains of consist of defects evident on the face of the judgment and sentence as they are not apparent from the judgment and sentence itself or the documents he signed as part of the plea agreement.

We remand to the superior court to correct condition 22 of the community custody conditions of his judgment and sentence. All other claims are denied as time barred.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, A.C.J.

We concur:

WORSWICK, J.

MELNICK, J.

3