IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33911-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER JOHN BLAIR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |
| RAWNE LEE CLINGER | ) | |
| | ) | |
| Defendant. | ) | |

KORSMO, J. — Christopher Blair challenges the use of two prior convictions in calculating his offender score, arguing that they are facially invalid. We disagree with that argument and affirm.

FACTS

Mr. Blair was charged with taking a motor vehicle (TMV) resulting from the theft of a truck from a dealership lot in 2011. He entered into a drug court program, but absconded from treatment, was terminated from the program, and then was convicted of the TMV charge at a stipulated bench trial after he was recaptured in 2015. The matter then proceeded to sentencing.

Although the parties agreed in writing that defendant's prior convictions existed and counted in the offender score calculation, the defense made inconsistent arguments

concerning the offender score. The defense did agree that the prior offenses counted at least 7 points, and also agreed with the State's calculation that the offender score was 9.[1] The defense, nonetheless, argued that two prior 2011 TMV convictions, which all parties agreed were to be treated as same criminal conduct with each other and an accompanying second degree burglary conviction, were facially invalid because the stolen vehicles had been snowmobiles. On that basis, the defense sought an exceptional sentence that would fall within the range for an offender score of 7 (17-22 months). The defense did not ask the court to find that the offender score actually was 7 or argue that the range of 17-22 months applied to this sentencing.

The court declined to impose an exceptional sentence. It also declined to address the facial validity argument, concluding that the defense was asking it to not just look at the prior TMV plea documents, but to make a legal determination that one of the elements of those offenses was missing. However, the court did accede to the joint request of the parties that a drug offender sentencing alternative (DOSA) be imposed and ordered a DOSA sentence of 25 months.

Mr. Blair then appealed to this court.

---

[1] The difference between the two calculations turned on whether the 2011 TMV convictions were valid or not. Because prior TMV convictions count as three points when sentencing a current TMV conviction, one of the TMV counts would add three points to the offender score, while the burglary count would add only one point.

## ANALYSIS

The sole issue presented by this appeal is a contention that the two prior 2011 TMV convictions for stealing snowmobiles were facially invalid, requiring that Mr. Blair be resentenced with an offender score of 7. We agree with the trial court that those convictions were not, on their face, invalid.

This case sits in an extremely peculiar procedural posture. Mr. Blair agreed with and did not directly challenge the offender score calculation, but instead sought an exceptional sentence based on an alleged error in calculating the offender score. A trial court's denial of an exceptional sentence cannot be challenged on appeal unless the trial court failed to follow a mandatory process. *State v. Mail*, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993). Viewed as an unsuccessful exceptional sentence request, Mr. Blair's appeal would necessarily fail. Similarly, his counsel expressly argued the two offenses were facially invalid, acknowledged that would result in an offender score of 7 with a range of 17-22 months, but did not ask for sentencing within that range for that reason, even though that is the request he is making now. In light of the strictures of RAP 2.5, which acknowledges that arguments not presented to the trial court generally will not be considered on appeal, it is arguable that the defense has waived this argument. Against that stricture is the common law "sentencing error" exception to RAP 2.5(a) recognized in *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015), and *State v. Ford*, 137 Wn.2d

3

472, 973 P.2d 452 (1999). While the contours of that exception are rather vague, it might apply to this circumstance.

In light of the fact that the defendant made the specific argument to the trial court that he makes here, albeit in the form of requesting an exceptional sentence, we conclude that we can consider the argument in this appeal. Nonetheless, we conclude that his claim does not establish facial invalidity.

The seminal case upholding the Sentencing Reform Act and its use of prior convictions to establish sentencing ranges is *State v. Ammons*, 105 Wn.2d 175, 713 P.2d 719, 718 P.2d 796 (1986). The *Ammons* court expressly declared that the State had no affirmative burden of proving that prior convictions were constitutionally valid. *Id.* at 187. "However, a prior conviction which has been previously determined to have been unconstitutionally obtained or which is constitutionally invalid on its face may not be considered." *Id.* at 187-188. The court then elaborated on the meaning of "invalid on its face" by addressing challenges presented by the defendants.[2] One defendant challenged a prior guilty plea by arguing that the plea statement form suffered from various deficiencies. The court determined that the validity of the issues could not be made from the face of the guilty plea form. *Id.* at 189. Another defendant challenged jury

---

[2] The court has also had to determine the meaning of a judgment "valid on its face" in the context of interpreting RCW 10.73.090(1). *E.g., In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 353-354, 5 P.3d 1240 (2000).

4

instructions used in a prior trial. The court again declared that the claim "cannot be determined facially" because it would require the trial court "to go behind the verdict and sentence and judgment to make such a determination." *Id.*

*Ammons* indicates that documents associated with a guilty plea can be considered in determining facial validity. Although Mr. Blair has submitted the information filed against him in the 2011 TMV cases, he has not provided a plea statement form, so we do not know what facts were established in that proceeding. Assuming, however, that the guilty plea was to the offense as charged in that information and that Mr. Blair was convicted of TMV for taking two snowmobiles, he still has not established that those convictions are invalid on their face.

As the trial court observed, whether the TMV statute applies to snowmobiles would require more than a simple look at the judgment and sentence and associated documents. It would require construing a statute; no prior case law has been cited to us suggesting that the statute does or does not apply to snowmobiles.[3] The prior conviction does not, "on its face," display constitutional infirmity. Determining whether the

---

[3] A recent decision from this court holds that the TMV statute does not apply to riding lawn mowers, even though they fall within the definition of "motor vehicle" used in this state. *State v. Barnes*, No. 33811-8-III (Wash. Ct. App. Oct. 6, 2016), http://www.courts.wa.gov/opinions/pdf/338118_pub.pdf. We do not opine whether or not a snowmobile would be similarly treated since the issue is not actually presented in this action.

5

conviction is constitutionally invalid would require a more significant "elaboration" than permitted by *Ammons*.

Appellant did not establish that his two prior TMV convictions were invalid on their face.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, A.C.J.

6