IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>BRANDON KENNETH WHITE,<br><br><br>Petitioner. | No. 76988-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: December 2, 2019 |

CHUN, J. — In this personal restraint petition (PRP), Brandon White argues he is entitled to resentencing because a significant change in the law of sentencing young adults and juveniles renders unconstitutional the statute under which he was sentenced, RCW 10.95.030. White also argues the State did not present sufficient evidence to support his conviction. Because White's claim of unconstitutionality is untimely, we deny the petition in its entirety.

I. BACKGROUND

A jury convicted White of aggravated first degree murder, and made special findings that he committed the crime with a gun and knife. White was 19 years old at the time of the crime. The trial court sentenced him to life without the possibility of parole (LWOP). White's judgment and sentence became final on February 3, 2004, when our Supreme Court denied White's petition for review. See State v. White, No. 49825-8-I (Wash. Ct. App. June 16, 2003) (unpublished),

review denied, 150 Wn.2d 1034 (2004). White initially filed this petition on June 6, 2017, over 13 years after the judgment reached finality.

## II. ANALYSIS

A petitioner typically must file a PRP within one year of the final judgment of their conviction. RCW 10.73.090. But RCW 10.73.100 provides exceptions to the one-year limit. The grounds for relief excepted from the one year time bar that are applicable to White's petition are subsections (4) and (6):

> (4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction; . . .

> (6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

RCW 10.73.100.

White argues that a significant change in the law of sentencing juveniles and young adults has occurred. Based on this claim, he argues that RCW 10.95.030, the statute under which the trial court sentenced him, is unconstitutional as applied to adult offenders with youthful characteristics. The State asserts that his grounds for relief under RCW 10.73.100(6) are time barred, because no significant change in law has occurred. Thus, the State argues, his

2

petition must be denied in its entirety because it is mixed. We agree with the State.

A.     RCW 10.73.100(6)

White argues he is entitled to resentencing because a significant change in the law renders unconstitutional the statute under which he was sentenced, RCW 10.95.030. He elaborates that the statute is unconstitutional as applied to him because the court was unable to consider his youth as a mitigating factor and impose a sentence less than life without parole. But no significant change in law has occurred, so his claim of unconstitutionality is time barred.

"A petitioner can overcome the one-year time bar under RCW 10.73.100(6) if [they] can identify (1) a significant change in the law (2) that is material and (3) that applies retroactively." In re Pers. Restraint of Light-Roth, 191 Wn.2d 328, 333, 422 P.3d 444 (2018) (internal quotation marks and citation omitted). "A significant change in the law occurs when an intervening opinion has effectively overturned a prior appellate decision that was originally determinative of a material issue." In re Pers. Restraint of Colbert, 186 Wn.2d 614, 619, 380 P.3d 504 (2016) (internal quotation marks and citation omitted). "One test to determine whether an intervening case represents a significant change in the law is whether the defendant could have argued this issue before publication of the decision." State v. Miller, 185 Wn.2d 111, 115, 371 P.3d 528 (2016) (internal quotation marks and citations omitted).

In support of his argument that a significant change in law has occurred, White points to a constellation of recent federal and state cases that address sentencing of juveniles and youthful offenders:  Roper v. Simmons, 543 U.S. 551, 578, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005) (holding the United States Constitution's Eighth and Fourteenth Amendments prohibit imposition of the death penalty on juvenile offenders);  Graham v. Florida, 560 U.S. 48, 82, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010) (holding the United States Constitution's Eighth Amendment prohibits LWOP sentences for juveniles who did not commit homicide);  Miller v. Alabama, 567 U.S. 460, 502, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) (holding the United States Constitution's Eighth Amendment bars mandatory LWOP sentences for juveniles);  State v. O'Dell, 183 Wn.2d 680, 698–99, 358 P.3d 359 (2015) (holding non-juvenile defendants' youthfulness can support exceptional sentences below the standard range applicable to adult felony defendants);  State v. Houston-Sconiers, 188 Wn.2d 1, 34, 391 P.3d 409 (2017) (holding that sentencing courts must consider the mitigating qualities of youth when sentencing juveniles, and must have discretion to depart from mandatory sentence enhancements when sentencing juveniles in adult court); and State v. Bassett, 192 Wn.2d 67, 91, 428 P.3d 343 (2018) (holding LWOP for juvenile defendants violates Washington's Constitution).

Referring to these cases, White asks the court to infer that a significant change in law has occurred that allows sentencing courts to depart from mandatory sentence enhancements for "youthful" adult offenders.

The holdings of Roper, Graham, Miller, Houston-Sconiers, and Bassett apply explicitly only to juveniles.[1] O'Dell is the only case White cites relating to sentencing of "youthful" adult offenders. But in Light-Roth, our Supreme Court held O'Dell did not constitute a significant change in law, since sentencing courts have always had the discretion to consider a defendant's youthfulness at sentencing. 191 Wn.2d at 336–38.

White asks the court to examine these cases cumulatively, not individually. White offers no legal authority in support of his proposition that the court may examine an array of cases, and from such, infer a significant change in law has occurred. Indeed, the test for determining whether there has been a significant change in law asks the court to examine if the defendant could have made their argument before the publication of a given *decision*—not before a trend of decisions. See Miller, 185 Wn.2d at 115. And when courts analyze whether a significant change in law has occurred, the focus of their analysis is whether a *single case* has changed Washington law in some way. See, e.g., Miller, 185 Wn.2d at 115–16 (analyzing whether In re Pers. Restraint of

---

[1] In a statement of additional authority, White also asks the court to address State v. Gilbert, 193 Wn.2d 169, 438 P.3d 133 (2019). But similarly, Gilbert's holding addresses only resentencing procedures for juveniles.

Mulholland, 161 Wn.2d 322, 166 P.3d 677 (2007), significantly changed the law of concurrent sentencing); Colbert, 186 Wn.2d at 619 (analyzing whether State v. W.R., 181 Wn.2d 757, 336 P.3d 1134 (2014), significantly changed the law regarding the burden of proof of consent in second degree rape cases); In re Pers. Restraint of Yung-Cheng Tsai, 183 Wn.2d 91, 105–07, 351 P.3d 138 (2015) (analyzing whether Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), significantly changed the law regarding ineffective assistance of counsel). White bases his argument on an erroneous understanding of the manner in which a "significant change in law" occurs.

Because White cannot satisfy the significant change in law element of RCW 10.73.100(6), we need not address whether the materiality and retroactivity elements are satisfied.

Because White cannot satisfy RCW 10.73.100(6), his claim of unconstitutionality is time barred, and we will not consider it.

B.    Mixed Petition

Because his claim of unconstitutionality is time barred, we must deny White's entire petition:

> [I]f a personal restraint petition claiming multiple grounds for relief is filed after the one-year period of RCW 10.73.090 expires, and the court determines that at least one of the claims is time barred, the petition must be [denied]. Under such circumstances the court will not analyze every claim that is raised in order to determine or advise which claims are time barred and which are not, nor will it decide claims under RCW 10.73.100 that are not time barred.

In re Pers. Restraint of Hankerson, 149 Wn.2d 695, 702–03, 72 P.3d 703 (2003). White's petition is mixed. Thus, we deny White's petition without consideration of his "sufficiency of the evidence" claim.[2]

Denied.

WE CONCUR:

_Chun, J._

_Mann, ACT_

_Leinvelle, J._

---

[2] As the State conceded at oral argument, White may file a PRP in the future bringing other claims he believes fall within the exceptions of RCW 10.73.100. While RAP 16.4(d) bars a second petition claiming similar relief without a showing of good cause, a successive petition will be dismissed on these grounds only where the prior application was denied after being heard and determined on the merits. In re Pers. Restraint of Stoudmire, 141 Wn.2d 342, 350, 5 P.3d 1240 (2000) (rev'd on other grounds by In re Pers. Restraint of Turay, 153 Wn.2d 44, 101 P.3d 854 (2004)). Where claims are dismissed because they are contained in a mixed petition, the dismissal is on procedural grounds and the court has not considered the claims on the merits. Stoudmire, 141 Wn.2d at 350–51.