IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) | No. 38064-5-III |
| LAZARO ZUNIGA PERALEZ, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | |

FEARING, J. — Lazaro Zuniga Peralez seeks relief from personal restraint imposed for his 2019 Yakima County conviction for unlawful possession of a firearm in the first degree. Zuniga Peralez requests resentencing and recalculation of his offender score to exclude points derived from four convictions for unlawful possession of a controlled substance. The State concedes the need for resentencing. This court accepts the State's concession.

In *State v. Blake*, 197 Wn.2d 170, 182-83, 186, 481 P.3d 521 (2021), the Supreme Court held that Washington's strict liability drug possession statute, former RCW 69.50.4013(1), violated state and federal due process clauses and was therefore void. The Supreme Court did not specify whether its ruling applied to cases already final. But,

established precedent counsels that *Blake* applies to such cases.

In a personal restraint petition, this court cannot grant relief when the petition is filed more than one year after the judgment became final unless the sentence is invalid on its face, the trial court lacked competent jurisdiction, or the petition is based solely on one or more of the exceptions set forth in RCW 10.73.100(1)-(6). Lazaro Zuniga Peralez's petition fits within the facial invalidity exception to RCW 10.73.090(1).

For a claim to fit within this exception, the alleged error must be apparent on the face of the documents signed as a part of the sentence and any plea agreement. *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 353, 5 P.3d 1240 (2000). Because the former possession statute is void, because a defendant cannot be convicted based on a void statute, and because a void conviction cannot be included in a defendant's offender score, this court need not look any further than the face of Lazaro Zuniga Peralez's judgment and sentence to determine that his offender score is erroneous. *State v. Carnahan*, 130 Wn. App. 159, 164, 122 P.3d 187 (2005); *State v. Ammons*, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986). Accordingly, Zuniga Peralez's judgment and sentence is facially invalid and his petition is exempt from the time-bar. We may review the judgment and sentence on the merits. RCW 10.73.090(1).

In the personal restraint context, this court will only grant relief for constitutional errors resulting in actual and substantial prejudice. *In re Pers. Restraint of Cook*, 114

2

No. 38064-5-III
*In re Pers. Restraint of Zuniga Peralez*

Wn.2d 802, 813, 792 P.2d 506 (1990). Because a sentence that is based upon an incorrect offender score is a fundamental defect that inherently results in a miscarriage of justice, Lazaro Zuniga Peralez also suffers actual and substantial prejudice. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 868, 50 P.3d 618 (2002). Therefore, this court grants Zuniga Peralez's petition for relief and remands the case to the trial court for resentencing in accordance with *Blake*. RAP 16.4(a).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Siddoway, J.