IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) | No. 38065-3-III |
| GUADALUPE MARTINEZ-CERVANTES, | ) ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | |

FEARING, J. — Guadalupe Martinez-Cervantes seeks relief from personal restraint imposed for his 2019 Franklin County convictions in two separate cases for felony violation of a no contact order, possessing a stolen motor vehicle, attempting to elude, and unlawful possession of a controlled substance. Martinez-Cervantes requests vacation of the count of unlawful possession of a controlled substance and resentencing on his remaining convictions, with recalculation of his offender score to exclude points derived from his conviction for unlawful possession of a controlled substance. The State concedes the need for vacation of the single count and resentencing on the remaining counts. This court accepts the State's concession.

In *State v. Blake*, 197 Wn.2d 170, 182-83, 186, 481 P.3d 521 (2021), the Supreme Court held that Washington's strict liability drug possession statute, former RCW 69.50.4013(1), violated state and federal due process clauses and was therefore void. The Supreme Court did not specify whether its ruling applied to cases already final. But, established precedent counsels that *Blake* applies to such cases.

In a personal restraint petition, this court cannot grant relief when the petition is filed more than one year after the judgment became final unless the sentence is invalid on its face, the trial court lacked competent jurisdiction, or the petition is based solely on one or more of the exceptions set forth in RCW 10.73.100(1)-(6). Guadalupe Martinez-Cervantes' petition fits within the facial invalidity exception to RCW 10.73.090(1).

For a claim to fit within the facial invalidity exception, the alleged error must be apparent on the face of the documents signed as a part of the sentence and any plea agreement. *In re Personal Restraint of Stoudmire*, 141 Wn.2d 342, 353, 5 P.3d 1240 (2000). Because the former possession statute is void, because a defendant cannot be convicted based on a void statute, and because a void conviction cannot be included in a defendant's offender score, this court need not look any further than the face of Guadalupe Martinez-Cervantes' judgments and sentences to determine that his offender score is erroneous and that the current conviction for unlawful possession of a controlled substance is also void. *State v. Carnahan*, 130 Wn. App. 159, 164, 122 P.3d 187 (2005); *State v. Ammons*, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986).

No. 38065-3-III
*PRP of Martinez-Cervantes*

Accordingly, *Martinez-Cervantes'* judgments and sentences are facially invalid and his petition is exempt from the time-bar. We may review the judgments and sentences on their merits. RCW 10.73.090(1).

In the personal restraint context, this court will only grant relief for constitutional errors resulting in actual and substantial prejudice. *In re Personal Restraint of Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990). Because a person cannot be punished for violating a void statute and because a sentence that is based upon an incorrect offender score is a fundamental defect that inherently results in a miscarriage of justice, Guadalupe Martinez-Cervantes also suffers actual and substantial prejudice. *In re Personal Restraint of Goodwin*, 146 Wn.2d 861, 868, 50 P.3d 618 (2002). Therefore, this court grants Martinez-Cervantes' petition for relief and remands the case to the trial court for resentencing in accordance with *Blake*. RAP 16.4(a).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____          _____
Pennell, C.J.                                                    Lawrence-Berrey, J.

3