**FILED**
**OCTOBER 19, 2021**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) | No. 38134-0-III |
| DAVID D. MCCONVILLE, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | |

LAWRENCE-BERREY, J. — David McConville seeks relief from personal restraint imposed for his 2017 Klickitat County conviction for felony bail jumping. Specifically, Mr. McConville requests resentencing and recalculation of his offender score to exclude points derived from three prior out-of-state convictions for unlawful possession of a controlled substance. The State concedes. This court accepts the State's concession.

In *State v. Blake*, the Supreme Court held that Washington's strict liability drug possession statute, former RCW 69.50.4013(1) (2017), violated state and federal due process clauses and was therefore void. 197 Wn.2d 170, 182-83, 186, 481 P.3d 521 (2021). The Supreme Court did not specify whether its ruling applies to cases that were already final. But, established precedent counsels that *Blake* applies to such cases.

In a personal restraint petition, this court cannot grant relief when the petition is filed more than one year after the judgment became final unless the sentence is invalid on its face, the trial court lacked competent jurisdiction, or the petition is based solely on one or more of the exceptions set forth in RCW 10.73.100(1)-(6). Mr. McConville's petition fits within the facial invalidity exception to RCW 10.73.090(1).

For a claim to fit within this exception, the alleged error must be apparent on the face of the documents signed as a part of the sentence and any plea agreement. *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 353, 5 P.3d 1240 (2000). Because the former possession statute is void, there is no relevant Washington crime for Mr. McConville's out-of-state convictions to be compared to under RCW 9.94A.525(3). If an out-of-state conviction has no Washington corollary, the sentencing court may not include that conviction in the defendant's offender score. *State v. Howard*, 15 Wn. App. 2d 725, 732, 476 P.3d 1087 (2020), *review denied*, 197 Wn.2d 1006, 483 P.3d 783 (2021). Because this court need not look any further than the face of Mr. McConville's judgment and sentence to determine that his offender score is erroneous, his judgment and sentence is facially invalid and his petition is exempt from the time bar. RCW 10.73.090(1). Because an incorrect offender score is a fundamental defect that inherently results in a miscarriage of justice, Mr. McConville is entitled to resentencing. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 868-69, 50 P.3d 618 (2002).

No. 38134-0-III
*PRP of McConville*

Mr. McConville's petition is granted. The matter is remanded to the trial court for resentencing in accordance with *Blake*. RAP 16.4(a).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____
Siddoway, A.C.J.

_____
Fearing, J.

3