IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) ) | No. 38788-7-III |
| CULLEN BRADLEY CLARK, | ) ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | |

STAAB, J. — Cullen Clark seeks relief from claimed unlawful restraint after the Department of Corrections (DOC) returned Mr. Clark to total confinement on August 31, 2020.

In January 2015, Mr. Clark was convicted of several sex offenses. The superior court sentenced Mr. Clark to 102 months in prison followed by 36 months of community custody. On December 26, 2019, after serving his initial prison term, Mr. Clark was released from confinement and began serving the community custody portion of his sentence. Due to allegations Mr. Clark had violated several community custody conditions, DOC arrested Mr. Clark on August 19, 2020. After a hearing, DOC found Mr. Clark guilty of all violations and returned him to prison to serve out the remainder of his sentence.

Mr. Clark filed this personal restraint petition on March 7, 2022. In his petition, Mr. Clark raises two grounds for relief. First, Mr. Clark contends he is entitled to relief because DOC violated his due process rights when it revoked his community custody and returned him to prison.

Generally, personal restraint petitions must be filed within one year after the underlying judgment and sentence becomes final. RCW 10.73.090. However, when a petitioner challenges a DOC disciplinary decision, the two-year catch-all civil statute of limitations applies. RCW 4.16.130; *In re Pers. Restraint of Heck*, 14 Wn. App. 2d 335, 340-40, 470 P.3d 539 (2020). Mr. Clark filed his petition within the two-year time limit.

Mr. Clark asks this court to restore his release to community custody, arguing DOC improperly returned him to prison without due process of law. But, according to DOC records, Mr. Clark's maximum prison sentence expired on November 4, 2022. Having served his maximum prison term, DOC released Mr. Clark from prison and he is now living in the community and serving the remainder of his community custody sentence. Because Mr. Clark has been released from prison, this court can no longer provide him the relief he seeks. *See In re Detention of Cross*, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983). Thus, Mr. Clark's first ground for relief is moot and will not be considered by this court. *See id.*

In his second ground for relief, Mr. Clark argues community custody condition number 18 in Appendix 4.6 of his Judgment and Sentence is unconstitutionally vague and unenforceable.

To obtain collateral relief, a petitioner must show that he is currently under restraint and that the restraint is unlawful. RAP 16.4(a); *In re Pers. Restraint of Grantha*m, 168 Wn.2d 204, 213, 227 P.3d 285 (2010). Even though Mr. Clark is no longer in prison, he is still subject to community custody conditions and is under restraint. *See In re Pers. Restraint of McMurtry*, 20 Wn. App. 2d 811, 814-15, 502 P.3d 906 (2022) ("A petitioner who is subject to community custody conditions that limit his freedom is under restraint."). Mr. Clark's current community custody release date is May 5, 2024.

As stated above, challenges to an offender's judgment and sentence are subject to a one-year time bar. RCW 10.73.090. The time bar does not apply, however, if the petitioner's sentence is invalid on its face. RCW 10.73.090(1). For a claim to fit within the facial invalidity exception, the alleged error must be apparent on the face of the documents signed as a part of the sentence. *In re Pers. Restraint Stoudmire*, 141 Wn.2d 342, 353, 5 P.3d 1240 (2000). Mr. Clark's second claim for relief fits within the facial invalidity exception to RCW 10.73.090(1); therefore, it is not time barred.

In Appendix 4.6 of Mr. Clark's Judgment and Sentence, the superior court imposed the following condition of community custody: "Defendant is not to purchase,

possess, or use pornographic material.  Pornographic material will be defined by the treatment provider, the supervising Community Corrections Officer, and the Court." Judgment & Sentence, Appendix 4.6.

Although Mr. Clark challenges this condition in the context of DOC's disciplinary action against him, which is no longer relevant, he is correct that the challenged condition is unconstitutionally vague.  The Washington State Supreme Court has previously struck down a nearly-identical condition as the one Mr. Clark challenges for the same reason. *See State v. Bahl*, 164 Wn.2d 739, 752-54, 193 P.3d 678 (2008); *see also State v. Padilla*, 190 Wn.2d 672, 684-85, 416 P.3d 712 (2018).

"A legal prohibition, such as a community custody condition, is unconstitutionally vague if (1) it does not sufficiently define the proscribed conduct so that an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement."  *Padilla*, 190 Wn.2d at 677.  In *Bahl*, the Court held:

> The restriction on accessing or possessing pornographic materials is unconstitutionally vague.  The fact that the condition provides that [the] community corrections officer can direct what falls within the condition only makes the vagueness problem more apparent, since it virtually acknowledges that on its face it does not provide ascertainable standards for enforcement.

*Id.* at 758, 761-62.  The Court remanded Mr. Bahl's case to the trial court for resentencing. *Id.* at 762.

Here, because Mr. Clark is currently serving the community custody portion of his sentence and is subject to a condition already deemed unconstitutionally vague, he is entitled to relief. Mr. Clark's petition is granted. The matter is remanded to the sentencing court to correct Mr. Clark's judgment and sentence by striking the pornography community custody provision or by imposing a narrowly-tailored, constitutionally adequate condition in accordance with *Bahl* and its progeny. RAP 16.4(a).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, J.