FILED
COURT OF APPEALS
DIVISION II

2013 OCT -8 AM 9: 21

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| Personal Restraint Petition of | No. 42318-9-II |
| MARVIN SIDES FAIRCLOTH, | |
| Petitioner. | PUBLISHED OPINION |

WORSWICK, C.J. — Marvin Sides Faircloth killed his father, Frank Faircloth, and was convicted of first degree murder in 1996.[1] We affirmed his conviction in 1998 and dismissed his first personal restraint petition (PRP) in 2005. Marvin then filed this PRP, alleging that his recently recovered memories are newly discovered evidence entitling him to a new trial. Because Marvin's recovered memories would not probably change the result of his trial, they are not newly discovered evidence. We deny Marvin's petition because it is time barred.

---

[1] Because Marvin and Frank Faircloth share the same last name, we refer to them by their first names for clarity, intending no disrespect.

## FACTS

Marvin lived with Frank, his adopted father, and two other foster children, Keith Murphy and Bryce West. On February 26, 1995, Frank caught Marvin and Murphy "huffing" paint and told them that they would have to move out of the house the next day. Frank left the room, went downstairs, and fell asleep. Shortly after Frank left their room, Marvin and Murphy decided to kill him. Murphy grabbed a Jack Daniels bottle, Marvin grabbed a spear-type object, and the two headed downstairs to Frank's bedroom.

Over a 25-minute period of time, Frank fought for his life by running from room to room while Murphy and Marvin disconnected the telephone and attacked him with knives, the whiskey bottle, a hammer, a long pole with a spike on the end, and a table leg. Over an extended period of time, West heard banging and crashing coming from downstairs, and he heard Frank repeatedly screaming for him to call the police. During the attack, Marvin stopped, went up to West's room, and smoked a cigarette. Marvin threatened to kill West if West left his room. After Marvin left West's room, West heard more banging and crashing, and Frank continued screaming. Finally, the screaming stopped and Marvin made West come downstairs to help clean up the mess. While West was cleaning up, Marvin and Murphy took Frank's body out to the woods, knocked out the teeth, and burned the body. After Marvin and Murphy left the house, West went down the street and called the police.

The State charged Marvin with first degree murder. Before trial, he clearly represented to the court that he was pursuing a diminished capacity defense and that he was not pursuing self-defense based on battered child syndrome because self-defense was not supported by the facts. At trial, Marvin's expert testified that Marvin had a long history of being the victim of abuse that

resulted in posttraumatic stress disorder, which prevented him from being able to premeditate the murder. There was no evidence of any abuse by Frank introduced at trial.

The jury convicted Marvin of first degree murder, and the trial court imposed an exceptional sentence. We affirmed Marvin's conviction and denied his previous PRP. Marvin filed this PRP alleging that he recently recovered memories of Frank's abuse which are newly discovered evidence entitling him to a new trial.[2]

## ANALYSIS

The State argues that Marvin's petition is time barred under RCW 10.73.090, which requires criminal defendants to file collateral attacks against their judgment and sentence within one year of their judgment becoming final.[3] Marvin argues that his petition is not time barred because RCW 10.73.100(1) provides an exception for newly discovered evidence. Under RCW 10.73.100(1), Marvin must show that his recovered memory meets the five requirements of

---

[2] We assume without deciding that Marvin's recovered memory is the type of evidence that we can consider for the purposes of overcoming the time bar under the exception in RCW 10.73.100(1), provided that the recovered memories meet the five requirements for newly discovered evidence. *See* RCW 4.16.340 (tolling statute of limitations until victims of childhood sexual abuse discovered the act or injury from the act).

[3] The State also argues that Marvin's petition should be dismissed as a mixed petition because Marvin raised an ineffective assistance of counsel claim in his reply to the State's original response to his CrR 7.8 motion. *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 700, 72 P.3d 703 (2003). But the trial court certified the CrR 7.8 motion (which is limited to the newly discovered evidence claim) to this court as a PRP and because we do not consider additional issues or arguments raised in a reply brief or supplemental briefing, we do not consider Marvin's ineffective assistance claim as part of this PRP. CrR 7.8(c)(2); *State v. Wilson*, 162 Wn. App. 409, 417 n.5, 253 P.3d 1143, *review denied*, 173 Wn.2d 1006 (2011). Therefore, we do not consider Marvin's petition a mixed petition.

newly discovered evidence outlined below. Because Marvin cannot meet the requirements to show that his recovered memories are newly discovered evidence, his petition is time barred.[4]

There are five requirements that must be met for newly discovered evidence to warrant a new trial. *State v. Eder*, 78 Wn. App. 352, 357, 899 P.2d 810 (1995). The evidence must (1) be such that it would probably change the result of the trial, (2) be discovered after the trial, (3) not have been discoverable before the trial through the exercise of due diligence, (4) be material and admissible, and (5) not be cumulative or impeaching. *Eder*, 78 Wn. App. at 357. Absence of any of the five factors is sufficient to deny a new trial. *Eder*, 78 Wn. App. at 357. Here, Marvin's first recovered memory was not discovered after trial, but was known to him during trial; therefore, it cannot be considered newly discovered evidence. And Marvin's second recovered memory of an incident of rape would not probably change the result of the trial, thus it does not meet the first requirement for newly discovered evidence.

Marvin reports two separate recovered memories. Marvin's first recovered memory is of "an episode of Frank Faircloth manually assaulting his genitals while Marvin lay asleep in his bed in Frank Faircloth's home." Decl. of Dr. Brown, p. 4, Ex. A to Mot. for Relief From J., *Pers. Restraint Petition of Faircloth*, No. 42318-9-II (Wash. Ct. App., Jan. 12, 2011). Marvin's

---

[4] We note that a showing that the recovered memories meet the five criteria for newly discovered evidence does not, alone, entitle Marvin to a new trial. To overcome the time bar, Marvin would also have to show that he acted with reasonable diligence in bringing his PRP. RCW 10.73.100(1). Furthermore, overcoming the time bar is not sufficient for us to grant Marvin a new trial. After overcoming the time bar, Marvin must meet the high standard required for us to grant relief in a collateral attack to a conviction. *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013). "Typically, this means a petitioner must show either that he or she was actually and substantially prejudiced by constitutional error or that his or her trial suffered from a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice." *Finstad*, 177 Wn.2d at 506. However, because Marvin cannot meet the criteria for newly discovered evidence, we do not reach these subsequent issues.

expert, Dr. Laura Brown, reports that Marvin first began remembering this incident after approximately a week in county jail; however, Marvin did not report the memory in 1995 "because he felt intensely ashamed and afraid of being labeled gay." Decl. of Dr. Brown, p. 4, *supra*. Marvin's memory of this assault does not meet the requirements for newly discovered evidence because it was not discovered after the trial. According to his expert, Marvin recovered the memory well before trial, during the first week that he was incarcerated after the murder which was approximately a year before Marvin's trial began in February 1996. Because the memory itself is the evidence that Marvin claims is newly discovered, we consider it "discovered" at the time he remembered it, not the time he reported it. Accordingly, Marvin's first recovered memory regarding the incident of molestation was not discovered after trial and, therefore, is not newly discovered evidence that warrants a new trial. *See Eder*, 78 Wn. App. at 357.

Marvin's second recovered memory is of an incident "in which Frank Faircloth anally raped him while Marvin was under the influence of substances." Decl. of Dr. Brown, p. 4-5, *supra*. According to Marvin, the rape occurred about five months before the murder. Dr. Brown recounts Marvin's recollection of the memory:

> Marvin has been able to recall that, on that occasion, during a period when he was drunk as well as intoxicated from paint fumes, he approached Frank Faircloth and told him to do with him what he wanted. This statement occurred after what Marvin now believes to have been a period of many months of Frank pressuring him to make himself sexually available to Frank. Marvin reported that he then lost consciousness and/or recollection for a period of time. His next recollection of what occurred during that episode is of Frank Faircloth anally raping him, lying on top of him, Marvin feeling intense pain in his anus. He then has no further recollection of that episode until finding himself waking on the couch in the living room of the house some time later in the night, in pain and bleeding rectally.

Decl. of Brown, p. 5, *supra*.

5

Marvin first began recovering the memory of the rape in 2000, well after his conviction. Although disturbing, Marvin's recovered memory would not probably have changed the result of Marvin's trial. Therefore, it does not meet the requirement for newly discovered evidence.

Marvin presents two arguments to support his contention that introducing his recovered memory would have probably changed the result of trial. First, he argues that it would have provided additional support for his diminished capacity defense based on posttraumatic stress disorder. Second, Marvin argues that he would have been able to assert self-defense based on battered child syndrome. Neither argument supports the contention that the newly discovered evidence would probably have changed the result of trial.

Newly discovered evidence must be such that it will probably change the result of trial. *Eder*, 78 Wn. App. at 357. When determining whether the newly discovered evidence will probably change the result of trial, we do not consider what effect the newly discovered evidence may have on the defendant's case, but rather we weigh the newly discovered evidence against the strength of the State's evidence. *See State v. Peele*, 67 Wn.2d 724, 732, 409 P.2d 663 (1966). When the State has presented "convincing evidence of guilt and the defendant little or no evidence of innocence, a new trial should not be granted . . . upon the offer of any new evidence unless it appears that the newly discovered evidence is of such significance and cogency that it will probably change the result of the trial." *Peele*, 67 Wn.2d at 732.

In light of the strength of the State's evidence, Marvin's argument that his recovered memory would have prevented the jury from finding premeditation and, thus, resulted in conviction for the lesser offense of second degree murder fails. Here, the State presented evidence that Marvin tortured Frank with multiple weapons for more than 20 minutes. The State also presented evidence that while Frank was still alive, Faircloth stopped the attack, went

upstairs to smoke a cigarette, and warned West not to contact the police. "[P]remeditation is 'the deliberate formation of and reflection upon the intent to take a human life' and involves 'the mental process of thinking beforehand, deliberation, reflection, weighing or reasoning for a period of time, however, short.'" *State v. Finch*, 137 Wn.2d 792, 831, 975 P.2d 967 (1999) (internal quotation marks omitted) (quoting *State v. Pirtle*, 127 Wn.2d 628, 644, 904 P.2d 245 (1995)). The State's evidence proving premeditation is overwhelming. Accordingly, Marvin's recovered memory is not "of such significance and cogency" that it would probably result in conviction for second degree murder rather than first degree murder.

Second, Marvin argues that his recovered memory would have supported a self-defense claim based on battered child syndrome. Even assuming that one incident of rape would support presenting a self-defense claim based on battered child syndrome, such a claim would not probably change the result of the trial.[5] Evidence of abuse and battered child syndrome can be admitted to support a claim of self-defense. *State v. Janes*, 121 Wn.2d 220, 238-41, 850 P.2d 495 (1993). However, "'[t]hat the defendant is a victim of a battering relationship is not alone sufficient evidence to submit the issue of self-defense to a jury.'" *Janes*, 121 Wn.2d at 240-41 (quoting *State v. Walker*, 40 Wn. App. 658, 665, 700 P.2d 1168 (1985)). Self-defense requires that the defendant reasonably perceived imminent danger of great personal injury. *Janes*, 121 Wn.2d at 236; RCW 9A.16.050. Generally, "[s]elf-defense finds its basis in necessity and

---

[5] Battered child syndrome is based on "a prolonged pattern of physical, emotional and sexual abuse." *State v. Janes*, 121 Wn.2d 220, 233, 850 P.2d 495 (1993). Evidence of a prolonged battering relationship with the victim is necessary to claim self-defense related to battered child syndrome. *State v. Riker*, 123 Wn.2d 351, 362-63, 869 P.2d 43 (1994) (excluding expert testimony extending battered woman syndrome principles outside of the relationship with the batterer because it has not gained acceptance in the scientific community). But because Marvin's proposed self-defense claim would not probably change the result of the trial, we do not reach the question of whether the evidence would be admissible. *Eder*, 78 Wn. App. at 357.

generally ends with the cessation of the exigent circumstance which gave rise to the defensive act." *Janes*, 121 Wn.2d at 237 (citing *United States v. Peterson*, 483 F.2d 1222, 1229 (D.C. Cir. 1973)).

Here, the State presented evidence that prior to the murder, Frank caught Marvin and Murphy huffing paint and told them they would have to leave the house. Then, Frank left the room, went downstairs, and went to sleep. In short, Frank did not demonstrate any threatening behavior at the time of the murder. Because Frank told Marvin he would have to leave the house, Marvin was being removed from any subsequent threat of violence and abuse. In addition, Marvin's recovered memory established one episode of abuse that occurred five months prior to the murder; Marvin provided no evidence that Frank's statement to Marvin telling him to leave the house was part of a pattern that would imply an imminent threat to Marvin. *See Janes*, 121 Wn.2d at 237. Therefore, the State presented convincing evidence that Marvin did not reasonably perceive an imminent threat of great bodily harm from the victim at the time of the murder. *Janes*, 121 Wn.2d at 236-37.

In addition, Marvin and Murphy continued to attack Frank after he was incapacitated, lying on the floor screaming and calling for help. Any possible threat that Frank posed to Marvin ended at that time, and Marvin was no longer acting out of necessity. *Janes*, 121 Wn.2d at 237. Accordingly, Marvin's recovered memory does not establish a self-defense claim that is

sufficiently convincing to overcome the State's evidence that there was no imminent threat at the time of the murder.[6]

Due to the overwhelming strength of the State's case supporting first degree murder, Marvin's recovered memory is not evidence that would probably change the result of his trial. Accordingly, Marvin's recovered memory fails to meet one of the required criteria for being newly discovered evidence that warrants a new trial. *Eder*, 78 Wn. App. at 357. As a result, Marvin's petition is time barred and we deny it.

_____
WORSWICK, C.J.

We concur:

_____
HUNT, J.

_____
MAXA, J.

_____

[6] We also note that Marvin admits that he could have presented a battered child syndrome defense at his original trial, even without the recovered memory, but chose not to do so. Marvin cannot use the newly discovered evidence exception as a guise to present a time barred ineffective assistance of counsel claim or to get a second opportunity to pursue a trial strategy which the defendant originally abandoned or chose not to pursue. Evidence is not newly discovered when it strengthens an argument or defense that could have been presented at trial but was not.